UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
PREMIUM MERCHANT FUNDING LLC,

        Plaintiff,                                Case No: 7:25-cv-01086

     - against-

SONATA CONSTRUCTION LLC D/B/A ACG
ARCHITECTURAL CONSTRUCTION GROUP and
GEORGE ATALA,

        Defendants.
--------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION BY
ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL SUMMARY ....................................................................................................... 2

ARGUMENT....................................................................................................................... 2

I.      Legal Standard ...................................................................................................... 2

II.     Defendants are Likely to Prevail Against Plaintiff on the Merits of Their Counterclaims
        and Their Defense of Plaintiff's Claims ............................................................. 2

III.    Defendants Will Suffer Irreparable Harm Absent Injunctive Relief ................................. 3

IV.     The Balance of Equities Favors Defendants........................................................ 4

V.      The Public Interest Supports Injunctive Relief.................................................... 4

CONCLUSION.................................................................................................................... 5

i

## TABLE OF AUTHORITIES

**Cases**

*Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30 (2d Cir. 1991)....................................................... 3

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)......................................................... 2, 4

*Fleetwood Servs., LLC v. Ram Capital Funding, LLC*, 2022 WL 1997207 (S.D.N.Y. June 6, 2022), *aff'd*, 2023 WL 3882697 (2d Cir. June 8, 2023) ......................................................... 2, 5

*Haymount Urgent Care PC v. GoFund Advance, LLC*, 2022 WL 2297768 (S.D.N.Y. June 27, 2022) .......................................................................................................................... 3, 5

*Kamerling v. Massanari*, 295 F.3d 206 (2d Cir. 2002)..................................................................... 3

*Lateral Recovery LLC v. Queen Funding, LLC*, 2022 WL 2829913 (S.D.N.Y. July 20, 2022) .... 3

*Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004)........................................................ 4

*Rex Medical L.P. v. Angiotech Pharmaceuticals (US), Inc.*, 754 F.Supp. 2d 616 (S.D.N.Y. 2010) ...................................................................................................................... 2, 3, 4

*Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) .......................................................................... 2, 4

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) ........................................................... 2, 4


**Statutes**

Tex. Fin. Code § 398.005(c) ......................................................................................................... 3, 5

Defendants Sonata Construction LLC and George Atala ("Defendants"), by and through their attorneys, respectfully submit this Memorandum of Law, and the Declaration of George Atala ("Atala Dec."), and the exhibits annexed thereto, in support of its Motion by Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction against Plaintiff Premium Merchant Funding, LLC ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff brought this action against Defendants for their purported breach of so-called "Merchant Cash Advance," or "MCA" agreements, when they are in fact unenforceable, usurious loans. Defendants removed the case to this Court (ECF 1) and interposed Counterclaims (ECF 4, 12) against Plaintiff for issuing criminally usurious loans, fraud, tortious interference, and racketeering, and Plaintiff moved to dismiss the Counterclaims, which motion has been fully-briefed since July 2025. ECF 22.

Not content to wait for the Court's determination on its own motion, Plaintiff has recently filed new UCC financing statements and lien notices against Defendants' customers, including Leslie's Poolmart, on or about September 19, 2025. These new filings are part of the same fraudulent scheme already pled in the Counterclaims, in which Plaintiff is alleged to send deceptive lien notices, causing Defendants to incur multi-million-dollar contract losses (*e.g.*, Regus, Aggieland Outfitters, and Leslie's Pools). Left unchecked, Plaintiff's continuing interference threatens to destroy what remains of Defendants' business and reputation, inflicting irreparable harm that monetary damages cannot cure.

The Court should enjoin Plaintiff from filing new UCC statements or sending any more lien notices to Defendants' customers during the pendency of this litigation.

## FACTUAL SUMMARY

The relevant facts for Defendants' application are detailed fully in the Amended Counterclaims (ECF 12) and the exhibits attached thereto.

## ARGUMENT

## I.    Legal Standard

A preliminary injunction should issue upon (A) a showing of a plaintiff's likelihood of success on the merits, and (B) where the plaintiff has also shown that (1) "he is likely to suffer irreparable injury in the absence of an injunction"; (2) "remedies at law, such as monetary damages, are inadequate to compensate for that injury"; (3) the balance of hardships tips in the plaintiff's favor"; and (4) "the 'public interest would not be disserved' by the issuance of a preliminary injunction." *Rex Medical L.P. v. Angiotech Pharmaceuticals (US), Inc*., 754 F. Supp. 2d 616, 620 (S.D.N.Y. 2010) (*quoting Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010); *eBay, Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391 (2006)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## II.   Defendants are Likely to Prevail Against Plaintiff on the Merits of Their Counterclaims and Their Defense of Plaintiff's Claims

Defendants are likely to prevail at trial with respect to each of their Counterclaims, as well as their defense of the claims asserted against them by Plaintiff.  The Counterclaims allege that Plaintiff's agreements are in fact criminally-usurious loans, not sales of receivables, and that Plaintiff engaged in fraud, tortious interference, and racketeering in connection with its usurious loan business.  Multiple courts in this District have already recognized that MCA agreements structured like Plaintiff's are in fact loans – usurious loans based on their effective interest rates far in excess of the legal maximum.  *Fleetwood Servs., LLC v. Ram Capital Funding, LLC*, 2022 WL 1997207 (S.D.N.Y. June 6, 2022), *aff'd*, 2023 WL 3882697 (2d Cir. June 8, 2023) (holding

2

MCA was a loan and granting civil RICO relief); *Haymount Urgent Care PC v. GoFund Advance, LLC*, 2022 WL 2297768 (S.D.N.Y. June 27, 2022) (denying motion to dismiss RICO claims based on MCA loans disguised as receivables purchases); *Lateral Recovery LLC v. Queen Funding, LLC*, 2022 WL 2829913 (S.D.N.Y. July 20, 2022) (same).

Defendants have already pled specific instances of fraudulent UCC filings and lost contracts.  Plaintiff's new UCC filings and notices in September 2025 confirm the ongoing nature of this scheme, further strengthening Defendants' tortious interference and RICO claims.

In addition, Texas law now explicitly regulates sales-based financing for the express purpose of protecting Texas-based borrowers.  Tex. Fin. Code § 398.005(c).  The new law prohibits deceptive or abusive practices in MCA enforcement, including misuse of liens. Defendants believe that Plaintiff's ongoing filing of fraudulent lien notices against the Texas-based Defendants violates this statute, and that they are likely to succeed on the merits of these claims when asserted, as well.

### III.   Defendants Will Suffer Irreparable Harm Absent Injunctive Relief

"The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction." *Rex Medical*, 754 F. Supp. 2d at 621 (*quoting Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)). A movant can establish irreparable harm if it shows that "there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Id*. (internal quotation marks and citations omitted).  The irreparable harm alleged must also be "actual and imminent, not remote or speculative." *Kamerling*, 295 F.3d at 214; *Rex Medical*, 754 F. Supp. 2d at 621. The "mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991); *Rex*

3

*Medical*, 754 F. Supp. 2d at 621.  There is no question that all of the foregoing are met, and favor Defendants.

As reflected in the Counterclaims, Plaintiff's interference has already cost Defendants over $4 million in lost contracts. The new UCC filings threaten additional contract cancellations, reputational harm, and destruction of client relationships. These injuries are not compensable by money damages alone, and thus satisfy the irreparable harm standard. See *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (finding "district court did not abuse its discretion in finding that, unless specific relief were granted, Verio's actions would cause Register irreparable harm through loss of reputation, good will, and business opportunities").

## IV.     The Balance of Equities Favors Defendants

"A court must consider the balance of hardships between the Plaintiffs and Defendants and issue an injunction only if the balance of hardships tips in the plaintiff's favor." *Rex Medical*, 754 F. Supp. 2d at 625; *Salinger*, 607 F.3d at 80 (*citing Winter*, 555 U.S. 7; *eBay,* 547 U.S. at 391).

Here, it is clear that the balance of hardships weighs in favor of the Defendants.  An injunction in this case would do nothing more than preserve the status quo so that the Court can address the merits without the situation worsening.  Plaintiff suffers no prejudice from being prevented from sending allegedly misleading lien notices while its claims are adjudicated. Defendants, by contrast, face ongoing collapse of their business if Plaintiff's conduct continues.

## V.     The Public Interest Supports Injunctive Relief

The court's sole remaining task is to confirm that granting injunctive relief would not be a disservice to the public interest. *See Salinger*, 607 F.3d at 79-80.  The public interest is served by protecting small businesses from predatory MCA practices and by enforcing the Texas Legislature's explicit prohibition on deceptive enforcement actions in sales-based financing.

Tex. Fin. Code § 398.005(c). Texas has determined that it needs to regulate sales-based financing in order to protect its vulnerable constituents. The statute applies directly to transactions like those at issue here and prohibits providers from engaging in "unfair, deceptive, or abusive acts or practices."

By filing what Defendants maintain are fraudulent UCC lien notices, and sending them to Defendants' Texas clients, Plaintiff has engaged in conduct squarely prohibited by Texas law. This statutory violation further supports injunctive relief, as the public interest lies in enforcing legislative policy against deceptive financing practices.

Federal courts in this District have likewise recognized the need to curb abusive MCA practices under RICO and usury law, as noted above. *Fleetwood Servs., LLC v. Ram Capital Funding, LLC*, 2022 WL 1997207 (S.D.N.Y. June 6, 2022), *aff'd*, 2023 WL 3882697 (2d Cir. June 8, 2023); *Haymount Urgent Care PC v. GoFund Advance, LLC*, 2022 WL 2297768 (S.D.N.Y. June 27, 2022).

## CONCLUSION

For the foregoing reasons, the entry of the requested temporary restraining order preliminary injunction is just and proper.

Dated: New York, New York  
        October 1, 2025

Respectfully submitted,

PARNESS LAW FIRM, PLLC

By:     /s/ Hillel I. Parness         
Hillel I. Parness  
136 Madison Ave., 6th Floor  
New York, New York  10016  
(212) 447-5299  
hip@hiplaw.com  
*Attorneys for Defendants Sonata Construction*  
*   LLC and George Atala*

## <u>LOCAL CIVIL RULE 7.1(c) CERTIFICATION</u>

Pursuant to Local Civil Rule 7.1(c), the total number of words in the foregoing memorandum of law, inclusive of footnotes and exclusive of the caption, indices, tables, signature blocks, and certificates, is 1,337.

Dated: October 1, 2025

          /s/ Hillel I. Parness
          Hillel I. Parness