MURRAY
LEGAL PLLC

August 24, 2026

***Via ECF***

Honorable Andrew E. Krause
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: *Premium Merchant Funding 26, LLC v. Sonata Construction LLC, et al.*
Case No. 25-cv-1086-KMK
PLAINTIFF'S LETTER REQUEST TO EXTEND DEADLINE TO SERVE SUPPLEMENTAL DISCOVERY

Dear Judge Krause,

Plaintiff, Premium Merchant Funding 26, LLC, respectfully submits this letter to request that the Court extend the current deadline for the Parties in this case to serve supplemental discovery from August 24, 2026, to September 18, 2026.

On July 16, 2026, Your Honor issued a minute order extending the deadline to issue supplemental discovery from August 3, 2026, until August 24, 2026. That deadline was extended because Plaintiff had requested a pre-motion conference for the Court to consider its request to brief a motion to compel arbitration. At the same time, Your Honor instructed the Parties to submit a letter brief and opposition on the issue of whether the Court should stay discovery pending the resolution of Plaintiff's anticipated motion to compel arbitration. The Parties did so. The Court has not yet determined whether or not a discovery stay is warranted.

In the interim, Judge Karas granted Plaintiff's request to schedule a pre-motion conference to consider whether to allow briefing on a motion by Plaintiff to compel arbitration and set that conference for September 15, 2026. As the parties previously briefed, the primary issue on the motion to compel arbitration will be whether Plaintiff is waiving its right to arbitrate by participating in this litigation. As such, it would potentially compromise Plaintiff's arbitration rights if Plaintiff was forced to participate in discovery—even if Plaintiff's participation in discovery has been and will be solely in response to Court ordered deadlines.

In light of the upcoming pre-motion conference, which is scheduled to occur in a few weeks, and in order to preserve the status quo, respectfully Plaintiff requests a short extension of the deadline to serve supplemental discovery requests (and subsequent deadline to send supplemental discovery responses that is currently set for September 17, 2026) until after the September 15, 2026 pre-motion conference. If at the conference, the Court denies Plaintiff's request to file a motion to compel arbitration, then Plaintiff proposes September 18 as the extended



170 Old Country Road
Suite 608
Mineola, New York 11501
Office: 516-415-0593
gmendelberg@murraylegalpllc.com
www.murraylegalpllc.com

MURRAY
LEGAL PLLC

deadline for the Parties to file supplemental discovery requests (and October 13 for the Parties to respond). This short delay at this point in the proceedings will not unduly prejudice Defendants and will potentially prevent the Parties and the Court from needlessly expending resources on discovery that Plaintiff asserts should be conducted in arbitration as the parties agreed.

Respectfully,

/s/ Gabriel Mendelberg
Gabriel Mendelberg, Esq.
Christopher R. Murray, Esq.

cc: all parties via ECF

Plaintiff's application to extend the deadline for the parties to serve supplemental discovery demands is DENIED. While the parties have submitted their positions regarding a potential stay of discovery, this Court does not anticipate that there will be a ruling on the stay application (whether from this Court or from Judge Karas) until after the pre-motion conference on September 15, 2026. In the meantime, since no stay of discovery has been granted, discovery must proceed in accordance with the schedule set by the Court. See ECF No. 49; see also Minute Entry dated 7/16/26 (modifying schedule).

Plaintiff's professed concern that participation in discovery in response to Court-ordered deadlines will potentially compromise Plaintiff's arbitration rights is not persuasive, particularly when Plaintiff has engaged in substantial litigation in federal court already as a result of its own decisions, completely unrelated to any Court-ordered discovery. To the extent Defendant attempts to raise this as an argument at the pre-motion conference or in any future briefing, Plaintiff of course can respond that its engagement in this portion of the discovery process was necessary to comply with Court orders.

Plaintiff must serve supplemental discovery demands, if any, by no later than September 1, 2026. Plaintiff's responses to Defendants' timely-served supplemental demands must still be provided by September 17, 2026. Defendants' responses to Plaintiff's supplemental demands, if any, must now be served September 25, 2026.

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge

Dated: August 27, 2026
White Plains, New York



170 Old Country Road
Suite 608
Mineola, New York 11501

Office: 516-415-0593

gmendelberg@murraylegalpllc.com
www.murraylegalpllc.com